## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DAY, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Civil Case No. 1:22-cv-22572 |
| VARUN DATTA, SARANSH SHARMA, and 4NEW LTD., | ) ) ***Jury Trial Requested*** ) ) |
| Defendants. | ) |

## Complaint

For his Complaint against Defendants Varun Datta ("Datta"), Saransh Sharma ("Sharma") and 4NEW Ltd. (together with Datta, "4NEW"), Plaintiff John Day ("Day") states as follows:

### Introduction

1.  This is an action for fraud, theft and, in the alternative, unjust enrichment.

2.  In 2018 4NEW began marketing and selling its proprietary cryptocurrency, called "KWATT."

3.  In 2018, Saransh Sharma was the President of 4NEW.

4.  In 2018, Varun Datta was the Founder and Chairman of 4NEW.

5.  In the summer of 2018, 4NEW communicated to Day that KWATT's value derived from electrical power generated by power plants owned by 4NEW and located in Middlesbrough and Hartlepool in the United Kingdom.

6. At that time and continuing to the present, 4NEW did not, and does not, own any power plants, and specifically did not own any power plants located in Middlesbrough and Hartlepool. 4NEW's representations to Day were, therefore, false.

7. Beginning on August 21, 2018, and in reliance on 4NEW's false assertions, Day transferred some of his valuable Etherium cryptocurrency ("ETH") in exchange for 4NEW's valueless KWATT.

8. Through January 3, 2019, Day continued to exchange his valuable ETH for 4NEW's valueless KWATT in reliance on additional false assertions from 4NEW made directly and specifically to Day.

9. By January 3, 2019, Day had determined that many of 4NEW's communications to him were both material and false.

10. 4NEW and Datta never compensated Day in any way for Day's loss of his ETH incurred in reliance upon 4NEW's material and false communications.

11. Day filed this lawsuit to be made whole for the damage done by 4NEW's lies.

## Jurisdiction and Venue

12. Day is a citizen of Indiana, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, residing in St. Joseph County.

13. Datta is a United Kingdom citizen and has a Florida residence at 3131 NE 7th Avenue, Unit 4304, Miami, FL 33137.

14. Sharma is a citizen of Florida residing at 10201 Sheila Court, Wellington, FL 33414.

15. 4NEW is a limited company formed under the laws of Britain and is a citizen of the United Kingdom for purposes of diversity jurisdiction under 28 U.S.C. § 1332, with its principal place of business at 6 Lanark Square, 2nd Floor, London, UK E14 SRE.

16. 4NEW filed its Memorandum of Association as a Private Company Limited by Shares on October 3, 2017. *See* Ex. 1, Memorandum of Association of 4NEW Limited at p. 1 ("Memorandum of Association").

17. 4NEW is a private limited company formed under the United Kingdom's Companies Act of 2006, incorporated on October 4, 2017.  *See* Ex. 2, Certificate of Incorporation of a Private Limited Company, Company Number 10994832.

18.  4NEW has its primary office at Sheraton Skyline Hotel Bath Road, Harlington, Hayes, England UB3 5BP. *See* Ex. 3, Change of Registered Office Address for 4NEW Limited.

19. 4NEW has 100 shares allotted. *See* Ex. 4, Application to Register a Company at p.3.

20. Mr. Qayyum Rahim ("Rahim") holds all 100 shares of 4NEW. *See* Ex. 5, May 31, 2020 Confirmation Statement for 4NEW Limited at p.2.

21. Rahim is a citizen of England and a British national. *See* Ex. 6, May 19, 2020 Notice of Individual Person with Significant Control.

22. As part of 4NEW's activities to market and sell KWATT, it availed itself of Indiana's market through the internet and world wide web, specifically communicating with Day, all while Day was located in and a citizen of St. Joseph County, Indiana.

23. Further, Datta directly messaged Day while Datta was either located in Miami-Dade County, Florida or the United Kingdom.

24. Sharma also messaged Day while Sharma was located in Miami-Dade County, Florida.

25. This Court has subject-matter jurisdiction over Day's claims under 28 U.S.C. § 1332(a)(2) because (i) Day and the Defendants, Datta and Sharma, are citizens of different U.S. states and 4NEW is a citizen of a foreign state, and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

26. Venue of this action in the Southern District of Florida, Miami Division, is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Day's claims occurred in this district.

## General Allegations

### A. *4NEW Lied to Day About the Assets Providing Value to its Cryptocurrency.*

27. In 2018 4NEW began marketing and selling its proprietary cryptocurrency, KWATT.

4

28. In March 2018, Sharma stated that KWATT is an ERC20 token that is a smart contract that the holder of KWATT has a power purchase agreement with a powerplant.

29. Sharma further stated that the KWATT token could be staked for its cryptocurrency miners to consume and then the utility bill would be paid back quarterly to the KWATT token holder.

30. In the summer of 2018, 4NEW communicated to Day that KWATT's value derived from electrical power generated by power plants located in Middlesbrough and Hartlepool in the United Kingdom and owned by 4NEW. Specifically, 4NEW stated that:

   a. "4NEW's power plants earn enough revenue from cleaning city waste and governmental incentives to cover the entire costs of the power plant.";

   b. "4NEW have [sic] managed to aquire [sic] 2 [power] plants…"

31. These statements were false. At that time and continuing to the present, 4NEW did not, and does not, own any power plants, and specifically did not own any power plants located in Middlesbrough and Hartlepool.

### B. Day Relied on 4NEW's Material Lies and, as a Result, Lost His Valuable Property.

32. In reliance on 4NEW's false assertions identified above, on August 21, 2018, Day began transferring his valuable ETH in exchange for 4NEW's valueless KWATT.

33. Thereafter, Datta reinforced 4NEW's lies with additional false statements made directly to Day via direct messaging, including:

    a. Datta's false statement that "We have partnered with bitfury" made directly to Day on October 5, 2018;

    b. Datta's false statement that "The video is the same miners" made directly to Day on October 8, 2018;

    c. Datta's false statement that "Everything is on track we are currently mining as we talk" made directly to Day on October 16, 2018;

    d. Datta's false statement that "till the date BTC was above $4100 we were making enough profit to make the payments" made directly to Day on November 27, 2018;

    e. Datta's false statement that "[Withdrawals for January are] in test mode" made directly to Day on December 12, 2018; and

    f. Datta's false statement that "Withdrawal functionality is live as promised" made directly to Day on December 15, 2018.

34. In reliance on one or more of these specific lies from Datta and/or Sharma, Day exchanged his valuable ETH for 4NEW's valueless KWATT over one hundred times between August 21, 2018 and January 3, 2019.

35. By January 3, 2019, Day had concluded that many of 4NEW's communications to him were both material and false.

36. On January 3, 2019, Day said to Datta via direct messaging, "You lied to me - directly", after which he demanded repayment.

37. On July 6, 2022, Day mailed to all Defendants a draft copy of this Complaint along with a demand letter pursuant to F.S.A. § 772.11. To date, Defendants have made no response.

**Claims for Relief**

*Count I – Fraud*

38. Day incorporates the previous allegations into this paragraph.

39. 4NEW, Datta and Sharma made false statements of past or existing fact to Day. Specifically, 4NEW lied to Day as detailed in Paragraphs 18 and 21.

40. 4NEW, Datta and Sharma knew the statements were false, or made the statements recklessly, with disregard as to their truth or falsity.

41. 4NEW, Datta and Sharma made the false statements intending that Day would act upon them by transferring Day's valuable property for 4NEW's benefit, and with the intent to deprive Day of his valuable property. Indeed, the entire basis for Datta's communication with Day was transactional; It was to encourage Day's exchange of his valuable property for 4NEW's valueless KWATT.

42. Day justifiably or reasonably relied and acted upon 4NEW, Datta and Sharma's false statements. Others relied and acted upon 4NEW's false statements like Day did, and Day engaged in personal communication with Datta to conduct due diligence before future exchanges of Day's ETH for KWATT.

43. Day was damaged as a result. Specifically, and amongst other damages, Day lost possession of his valuable ETH due to 4NEW, Datta and Sharma's fraud.

*Count II – Civil Theft*

44. Day incorporates the previous allegations into this Paragraph.

45. 4NEW, Datta and Sharma unlawfully obtained Day's valuable property.

46. 4NEW, Datta and Sharma made false statements of past or existing fact to Day. Specifically, 4NEW lied to Day as detailed in Paragraphs 18 and 21.

47. 4NEW, Datta and Sharma knew the statements were false, or made the statements recklessly, with disregard as to their truth or falsity.

48. 4NEW, Datta and Sharma made the false statements intending that Day would act upon them by transferring Day's valuable property for 4NEW's benefit, and with the intent to permanently deprive Day of his valuable property. Indeed, the entire basis for Datta's communication with Day was transactional; It was to encourage Day's exchange of his valuable property for 4NEW's valueless KWATT.

49. Day was damaged as a result. Specifically, and amongst other damages, Day lost possession of his valuable ETH due to 4NEW, Datta and Sharma's theft.

### *Count III – Unjust Enrichment/Quantum Meruit (in the alternative)*

50. Day incorporates the previous allegations into this paragraph.

51. Day transferred his valuable ETH in exchange for valueless KWATT at 4NEW's request.

52. 4NEW, Datta and Sharma's lies induced Day to provide his valuable ETH for valueless KWATT for the benefit of 4NEW, which is unfair to Day.

53. Compensation to Day is necessary to prevent 4NEW, Datta and Sharma from being unjustly enriched at Day's expense.

**WHEREFORE**, Day respectfully requests judgment in his favor and against

Datta, Sharma and 4NEW, including the following:

A. An award of damages to compensate Day for his losses;

B. Treble damages under Florida common law applicable to claims alleging fraud and theft;

C. An award of attorney's fees under Florida common law applicable to claims alleging fraud and theft;

D. An award of prejudgment and post judgment interest; and

E. All other legal and equitable relief just and proper under the circumstances.

## Jury Trial Demand

Day requests a jury trial on all issues so triable.

Respectfully submitted,

/s/ Jonathan S. Lawson

Jonathan S. Lawson (19039-71)
SouthBank Legal: LaDue | Curran | Kuehn
100 East Wayne Street Suite 300
South Bend, IN  46601
(574) 968-0760 (Tel)
(574) 968-0761 (Fax)
jlawson@southbank.legal

*Attorneys for Plaintiff*